16546 SAB/sb
9.4.20

Attorney ID# 6224469

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| NICK GEORGEFF, ) | |
| ) | |
| Plaintiff, ) | Case Number.: 3:20-cv-50313 |
| v. ) | |
| ) | Judge: Honorable Judge John J. Tharp Jr. |
| DON BORNEKE CONSTRUCTION, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

Now comes the Plaintiff, NICK GEORGEFF, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendant, DON BORNEKE CONSTRUCTION, INC., states as follows:

**JURISDICTION AND VENUE**

1. This is a personal injury action involving an individual plaintiff and a corporate defendant.

2. The plaintiff is a citizen of the state of Illinois, residing in Plainfield, IL.

3. The defendant is a citizen of the state of Minnesota with its principal place of business located in Eagle Lake, Minnesota.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000.00 and is between citizens of different states.

5. The events and omissions giving rise to this claim occurred in Lee County, Illinois, thus pursuant to 28 U.S.C. § 1391(b) this Court is the appropriate venue for this action.

## COUNT I – DIRECT NEGLIGENCE

6. On and before November 15, 2018, the plaintiff was employed by M. A. Mortenson Company and engaged in a construction project on a wind farm in or near the Village of Compton, Lee County, Illinois.

7. Prior to said date, M. A. Mortenson Company hired the defendant to grade, maintain, repair and remove snow and ice from the dirt roadways used by persons, vehicles, and equipment on the construction site.

8. On and before said date defendant was in charge of and responsible for grading, maintaining, repairing, and removing snow and ice from the dirt roadways used by persons, vehicles and equipment on the construction site.

9. On and before said date defendant operated vehicles and equipment on the dirt roadways.

10. On said date, the plaintiff was walking on a dirt roadway on the construction site in the performance of his work.

11. At all relevant times, the defendant had a duty to exercise reasonable care in the grading, maintaining, repairing and removal of snow and ice from said dirt roadway.

12. Notwithstanding and in violation of said duty, defendant, through its agents, servants, and employees, was then and there guilty of the following careless and negligent acts and/or omissions:

  (a)  Failed to properly grade, maintain and repair the dirt roadway;

  (b)  Failed to remove or to properly remove snow and ice from the dirt roadway;

  (c)  Failed to make a reasonable inspection of the dirt roadway when the defendant knew or should have known that such inspection was necessary to prevent injury to persons using the dirt roadway;

  (d)  Failed to use ordinary care to see that the dirt roadway was reasonably safe for the use of those lawfully on the property;

  (e)  Caused tracks and ruts to form on the dirt roadway creating a danger to persons using the dirt roadway;

  (f)  Allowed tracks and ruts to remain on the dirt roadway creating a danger to persons using the dirt roadway;

  (g)  Caused unnatural accumulations of ice to form in tracks and ruts on the dirt roadway creating a danger to persons using the dirt roadway;

  (h)  Allowed unnatural accumulations of ice to remain in tracks and ruts on the dirt roadway creating a danger to persons using the dirt roadway;

  (i)  Was otherwise careless and negligent.

 13. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, at said time and place plaintiff slipped and fell on an unnatural accumulation of ice, causing him to suffer severe bodily injury and to sustain damages of a personal and pecuniary nature, including but not limited to pain, suffering, disability, loss of a normal life, loss of earnings and loss of earning

potential, expenses for medical care and services, and other damages, all of which are continuing and permanent in nature.

WHEREFORE, plaintiff respectfully requests judgment be entered in his favor and against the defendant in a dollar amount in excess of $75,000.00, plus costs of suit.

## **COUNT II – PREMISES LIABILITY**

14. On and before November 15, 2018, the plaintiff was employed by M. A. Mortenson Company and engaged in a construction project on a wind farm in or near the Village of Compton, Lee County, Illinois.

15. Prior to said date, M. A. Mortenson Company hired the defendant to grade, maintain, repair and remove snow and ice from the dirt roadways used by persons, vehicles, and equipment on the construction site.

16. On and before said date defendant possessed, operated, managed, maintained, designed, inspected, planned and/or controlled the dirt roadways used by persons, vehicles, and equipment on the construction site.

17. On said date, the plaintiff was walking on a dirt roadway on the construction site in the performance of his work.

18. On said date the defendant, well knowing its duty in this regard, carelessly and negligently caused and permitted said dirt roadway to become and remain in a dangerous condition for persons walking on the dirt roadway, in that the dirt roadway was in a state of disrepair with tracks, ruts, and unnatural accumulations of ice present, although the defendant knew or in the exercise of ordinary and reasonable care should have known of the dangerous condition.

19. At said time and place the defendant knew or could reasonably expect that persons on the property would not discover or realize the danger or would fail to protect against the danger in the performance of their work.

20. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, at said time and place plaintiff slipped and fell on an unnatural accumulation of ice, causing him to suffer severe bodily injury and to sustain damages of a personal and pecuniary nature, including but not limited to pain, suffering, disability, loss of a normal life, loss of earnings and loss of earning potential, expenses for medical care and services, and other damages, all of which are continuing and permanent in nature.

WHEREFORE, plaintiff respectfully requests judgment be entered in his favor and against the defendant in a dollar amount in excess of $75,000.00, plus costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

/s/ *Steven A. Berman*
Attorneys for Plaintiff

Steven A. Berman
Attorney ID# **6224469**
**ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.**
161 North Clark Street - 21st Floor
Chicago, IL 60601
312/372-3822 / mteich@anesilaw.com