# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION

| | |
|---|---|
| NICK GEORGEFF,<br><br>        Plaintiff,<br><br>v.<br><br>DON BORNEKE CONSTRUCTION, INC.,<br><br>        Defendant. | No. 3:20-cv-50313<br>Honorable John J. Tharp Jr. |

## DEFENDANT, DON BORNEKE CONSTRUCTION, INC.'S ANSWER TO PLAINTIFF, NICK GEORGEFF'S FIRST AMENDED COMPLAINT

Defendant, Don Borneke Construction, Inc., by and through its counsel, Brian D. Hahn of Hickey Smith LLP, for its Answer to Plaintiff, Nick Georgeff's First Amended Complaint states as follows:

### JURISDICTION AND VENUE

1. This is a personal injury action involving an individual plaintiff and a corporate defendant.

**ANSWER:** **Defendant admits the allegations contained in paragraph 1.**

2. The plaintiff is a citizen of the state of Illinois, residing in Plainfield, IL.

**ANSWER:** **Defendant is without sufficient information to determine the veracity of the allegations contained in paragraph 2 and therefore holds Plaintiff to his burden of proof.**

3. The Defendant is a citizen of the State of Minnesota with its principal place of business located in Eagle Lake, Minnesota.

**ANSWER:** **Defendant admits only that it is Minnesota corporation and its office address is 41537 50th Street in Janesville, Minnesota and denies the remaining allegations contained in paragraph 3.**

4. The jurisdiction of this Court is invoked pursuant to 28 USC 1332 as the matter in controversy exceeds $75,000.00 and is between citizens of different states.

**ANSWER:** **Defendant is without sufficient information to determine the veracity of the allegations contained in paragraph 4 and therefore holds Plaintiff to his burden of proof.**

5. The events and omissions giving rise to this claim occurred in Lee County, Illinois, thus pursuant to 28 USC 1391 (b) this Court is the appropriate venue for this action.

**ANSWER:** **Defendant admits only that this Court is the appropriate venue and denies any remaining allegations contained in paragraph 5.**

## COUNT I-DIRECT NEGLIGENCE

6. On and before November 15, 2018, the plaintiff was employed by M.A. Mortenson Company and engaged in a construction project on a wind farm in or near the Village of Compton, Lee County, Illinois.

**ANSWER:** **Defendant is without sufficient information to determine the veracity of the allegations contained in paragraph 6 and therefore holds Plaintiff to his burden of proof.**

7. Prior to said date, M.A. Mortenson Company hired the defendant to grade, maintain, repair and remove snow and ice from the dirt roadways used by persons, vehicles, and equipment on the construction.

**ANSWER:** **Defendant admits only that it entered into a subcontract agreement with M.A. Mortenson Company on December 29, 2017 subject to its terms and conditions and denies the remaining allegations contained in paragraph 7.**

8. On and before said date defendant was in charge of and responsible for grading, maintaining, repairing, and removing snow and ice from the dirt roadways used by persons, vehicles and equipment on the construction site.

**ANSWER: Defendant admits only to those duties and responsibilities provided in its subcontract agreement with M.A. Mortenson Company dated December 29, 2017 and denies any remaining allegations contained in paragraph 8.**

9. On and before said date defendant operated vehicles and equipment on the dirt roadways.

**ANSWER:** **Defendant is without sufficient information to determine the veracity of the allegations contained in paragraph 9 and therefore holds Plaintiff to his burden of proof.**

10. On said date, the plaintiff was walking on a dirt roadway on the construction site in the performance of his work.

**ANSWER: Defendant is without sufficient information to determine the veracity of the allegations contained in paragraph 10 and therefore holds Plaintiff to his burden of proof.**

11. At all relevant times, the defendant had a duty to exercise reasonable care in the grading, maintaining, repairing and removal of snow and ice from said dirt roadway.

**ANSWER:** **Defendant admits only to those duties imposed by law or contract and denies any breach of any such duties along with the remaining allegations contained in paragraph 11.**

12. Notwithstanding and in violation of said duty, defendant, through its agents, servants, and employees, was then and there guilty of the following careless and negligent acts and/or omissions:

    (a) Failed to properly grade, maintain and repair the dirt roadway;

    (b) Failed to remove or to properly remove snow and ice from the dirt roadway;

    (c) Failed to make a reasonable inspection of the dirt roadway when the defendant knew or should have known the such inspection was necessary to prevent injury to persons using the dirt roadway;

    (d) Failed to use ordinary care to see that the dirt road way was reasonable safe for the use of those lawfully on the property;

    (e) Caused tracks and ruts to form on the dirt roadway creating a danger to persons using the dirt roadway;

    (f) Allowed tracks and ruts to remain on the dirt roadway creating a danger to persons using the dirt roadway;

    (g) Caused unnatural accumulations of ice to form in tracks and ruts on the dirt roadway creating a danger to persons using the dirt roadway;

    (h) Allowed unnatural accumulations of ice to remain in tracks and ruts on the dirt roadway creating a danger to persons using the dirt roadway;

    (i) Was otherwise careless and negligent.

**<u>ANSWER</u>:** **Defendant denies the allegations contained in paragraph 12, including subparagraphs (a) through (i).**

13. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, at said time and place plaintiff slipped and fell on an unnatural accumulation of ice, causing him to suffer severe bodily injury and to sustain damages of a personal and pecuniary nature, including but not limited to pain, suffering, disability, loss of a normal life, loss of earnings and loss of earning potential, expenses for medical care and services, and other damages, all of which are continuing and permanent in nature.

**ANSWER:** **Defendant denies the allegations contained in paragraph 13.**

WHEREFORE, plaintiff respectfully requests judgment be entered in his favor and against the defendant in a dollar amount in excess of $75,000.00, plus costs of suit.

**ANSWER:** **Defendant denies Plaintiff is entitled to any of the relief sought in his First Amended Complaint and respectfully requests that the Court dismiss Plaintiff's First Amended Complaint with prejudice and enter judgment in its favor together with costs.**

<b><u>COUNT II-PREMISES LIABILITY</u></b>

14. On and before November 15, 2018, the plaintiff was employed by M.A. Mortenson Company and engaged in a construction project on a wind farm in or near the Village of Compton, Lee County, Illinois.

**ANSWER:** **Defendant is without sufficient information to determine the veracity of the allegations contained in paragraph 14 and therefore holds Plaintiff to his burden of proof.**

15. Prior to said date, M.A. Mortenson Company hired the defendant to grade, maintain, repair and remove snow and ice from the dirt roadways used by persons, vehicles, and equipment on the construction site.

**ANSWER:** **Defendant admits only that it entered into a subcontract agreement with M.A. Mortenson Company on December 29, 2017 subject to its terms and conditions and denies the remaining allegations contained in paragraph 15.**

16. On and before said date defendant possessed, operated, managed, maintained, designed, inspected, planned and/or controlled the dirt roadways used by persons, vehicles, and equipment on the construction site.

**ANSWER:** **Defendant admits only to those duties and responsibilities provided in its subcontract agreement with M.A. Mortenson Company dated December 29, 2017 and denies any remaining allegations contained in paragraph 16.**

17. On said date, the plaintiff was walking on a dirt roadway on the construction site in the performance of his work.

**ANSWER:** **Defendant is without sufficient information to determine the veracity of the allegations contained in paragraph 17 and therefore holds Plaintiff to his burden of proof.**

18. On said date the defendant, well knowing its duty in this regard, carelessly and negligently caused and permitted said dirt roadway to become and remain in a dangerous condition for persons walking on the dirt roadway, in that the dirt roadway was in a state of disrepair with tracks, ruts, and unnatural accumulations of ice present, although the defendant knew or in the exercise of ordinary and reasonable care should have known of the dangerous condition.

**ANSWER:** **Defendant denies the allegations contained in paragraph 18.**

19. At said time and place the defendant knew or could reasonably expect that persons on the property would not discovery or realize the danger or would fail to protect against the danger in the performance of their work.

**ANSWER:** **Defendant denies the allegations contained in paragraph 19.**

20. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, at said time and place plaintiff slipped and fell on an unnatural accumulation of ice, causing him to suffer severe bodily injury and to sustain damages or a personal and pecuniary nature, including but not limited to pain, suffering, disability, loss of a normal life, loss of earnings and loss of earning potential, expenses for medical care and services, and other damages, all of which are continuing and permanent in nature.

**ANSWER:** **Defendant denies the allegations contained in paragraph 20.**

WHEREFORE, plaintiff respectfully requests judgment be entered in his favor and against the defendant in a dollar amount in excess of $75,000.00, plus costs of suit.

**ANSWER:** **Defendant denies Plaintiff is entitled to any of the relief sought in his First Amended Complaint and respectfully requests that the Court dismiss Plaintiff's First Amended Complaint with prejudice and enter judgment in its favor together with costs.**

Respectfully submitted,

HICKEY SMITH LLP

Brian D. Hahn
2863 West 95th St, Suite 256
Naperville, IL 60564
Telephone: (630) 402-6139
Email:bhahn@hickeysmith.com
Attorney for Defendant, Don Borneke Construction, Inc.

Page **7** of **7**