16546/SAB/CAT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| NICK GEORGEFF | ) | |
| Plaintiff, | ) | Case No.: 3:20-cv-50313 |
| vs. | ) | |
| | ) | |
| DON BORNEKE CONSTRUCTION, INC., | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO COMPEL**

NOW COMES, the Plaintiff, NICK GEORGEFF, by and through his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and for his Motion to Compel the full and proper discovery answers, responses, and document production of the Defendant, DON BORNEKE CONSTRUCTION, INC, states as follows:

1. This matter arises out of an incident that occurred on or about November 15, 2018, in which the Plaintiff was injured while working on a wind farm construction site in Mendota Hills, IL.

2. On December 18, 2020, Plaintiff propounded written discovery on the Defendant in this matter.

3. After multiple telephone conferences and emails requesting Defendant's responses to discovery, Defendant provided its initial discovery responses on April 1, 2021.

4. After receiving Defendant's discovery responses, Plaintiff determined that the responses were deficient in numerous ways.

5. As such, Plaintiff issued a letter to Defense counsel in which it laid out the deficiencies and asked Defendant to amend its responses to correct said deficiencies (see letter, attached as Exhibit "A").

6. After numerous follow ups by Plaintiff, Defense counsel provided a letter on June 9, 2021, in which it said, in summary, that it would provide updated answers/responses if available and appropriate (this has not been done), that Plaintiff should be required to resubmit new interrogatories and requests for production, and that it would not provide updated responses or document production in Response to Requests for Production 10-16. (See correspondence, attached as Exhibit "B").

7. Defendant's main contentions for not providing additional documentation (in response to Requests for Production 10-16) are that because Plaintiff slipped on ice, and since Defendant claims it was not responsible for snow/ice removal until after the date of the accident, Defendant should not be required to be burdened with providing additional documents, answers or responses. (See Exhibit B).

8. However, the snow and ice are but one portion of what caused the Plaintiff's injuries. The Defendant was responsible for grading and maintaining the jobsite as a whole prior to the subject incident, and yet large ruts were present throughout the jobsite – including where Plaintiff had been injured.

9. Additionally, in its Response letter, Defendant cites to caselaw that says "discovery rules are not a ticket to an unlimited, never-ending, exploration of every conceivable matter that captures an attorney's interest" and that Courts "protect targets of discovery from annoyance, embarrassment, oppression, or undue burden or expense." (See Exhibit B at P 4). Defendant also claims that Plaintiff's Counsel's April 23, 2021, letter expands the scope of the propounded discovery and unfairly burdens the Defendant.

10. First, F.R.C.P. 26(B)(1) states in relevant part that, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .

Information within this scope of discovery need not be admissible in evidence to be discoverable." Plaintiff is simply asking for information and documents pertaining to Defendant's scope of work that it was responsible for on the jobsite that could potentially relate to the Defendant's acts or omissions that proximately caused the Plaintiff's injuries. The requested information further does not embarrass, oppress or create an undue burden or expense. The types of requested information are very common in these types of cases. Moreover, the very documentation Defendant claims would be unduly burdensome to produce are required and referenced by the Contract for this jobsite – so it is all within the Defendant's possession already. (See Exhibit A at P. 6-7).

11. Next, Defendant's claim that this letter expands the scope of discovery and unfairly burdens the Defendant is simply not true. Plaintiff's letter simply details the types of information and documents Plaintiff is seeking. The reason this was done is because Defendant decided to unilaterally choose what is appropriate to provide in response to written discovery. For example, Plaintiff originally requested all photographs for the 60 days prior and 35 days subsequent to the subject incident, including "jobsite progress photos" (See Exhibit A at p. 5), but defendant now claims this letter expands the scope of discovery to include progress photos. Again, this is not the case. The same examples apply to the specific requests for contract documents when they were already requested by Request No. 10 (see Exhibit A at p. 6), and the specific safety documentation requested in Plaintiff's April 23, 2021, letter was broadly requested in Requests 15 & 16. If Plaintiff, inadvertently expanded the originally requested time frames, Plaintiff will defer to the timeframes referenced in the Interrogatories and Requests for Production of documents, but still insist on complete answers and document production.

12. Moreover, the requested documentation, are not overly burdensome on the Defendant and are extremely relevant and probative to this case. Had the ground conditions been properly graded, maintained, and/or repaired, as required by the contract documents and the "Plan of the Day" provided for the subject date of incident, Plaintiff's accident could have arguably been avoided all together. For example, the Plan of the Day lists ground conditions as the responsibility of the Defendant for the whole jobsite – this is clear evidence supporting the relevance of the requested documentation. Nonetheless, Defendant unilaterally decided to provide only one Plan of the Day (for the date of the incident) as opposed to the requested time frame. These deficiencies also continue in terms of other answers/responses and documents produced.

13. "Under Federal Rule of Civil Procedure 26, the scope of discovery reaches any matter, not privileged, that is relevant to the claim or defense of any party. [Further], [t]he information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Bruggeman v. Blagojevich*, 219 F.R.D. 430, 432 (N.D. Ill. 2004) (emphasis added); *Wiginton v. CB Richard Ellis, Inc.*, 229 F.R.D. 568, 571 (N.D. Ill. 2004); *see also* Fed R. Civ. P. 26(b)(1). Moreover, the question is not whether or not the information is admissible, but rather, "whether the information sought by Plaintiffs is relevant and likely to lead to the discovery of admissible evidence." *Bruggeman*, 219 F.R.D. at 432.

14. Furthermore, the burden is not on the party propounding the discovery, but rather, "[t]he burden is on the party objecting to the discovery to show why such discovery is improper." *Id.*

15. So, for Defense counsel to pick and choose what documents to provide, which interrogatories to fully answer, and to impose time limitations on documents, answers, and responses for only the date of the incident is nothing more than an attempt to use discovery as a tactical game against applicable law. Moreover, as shown above, the "reason" why defendant does not properly answer/respond to written discovery is presupposed on the condition that the snow and ice are the complete elements of Plaintiff's claim – this could not be further from the truth.

16. Therefore, Defendant's contention that snow and ice caused Plaintiff's injuries, so they do not need to comply further with discovery is incorrect, and it only takes a small portion of Plaintiff's claim and applies it to this case as a whole. Moreover, Plaintiff's Complaint at Law not only alleges Defendant's responsibility for snow and ice removal, but also its responsibility to grade and maintain the roadways on this subject jobsite. (See Docket Entry #10, Plaintiff's First Amended Complaint at Law at Paragraphs 7, 8, 11, 12, 12(a) – 12(i), 15, and 18).

17. Defendant has failed to show that the requested information will not lead to that which may be potentially relevant or admissible, and Defendant has failed to show why the discovery is improper. As such, Defendant should be required to provide amended answers to interrogatories and responses to requests for production of documents based on the full timeframe and scope asked for in Plaintiff's Interrogatories and Requests for Production of Documents. Moreover, this same requirement should be applied based on the specific requests to supplement Defendant's discovery responses in Plaintiff's Counsel's April 23, 2021, letter and based on the time frames referenced in the original Interrogatories and Requests for Production of Documents.

18. Plaintiff requests this Honorable Court order the Defendant to supplement its answers to the following interrogatories, per the Plaintiff's Counsel's April 23, 2021, letter:

   a. #2, #3, #8, #9, #13, & # 15.

19. Examples of the requested information in Plaintiff's Interrogatories would be: complete list of witnesses; identities of individuals present before/at/after the occurrence; a list of supervisory personnel employed by the Defendant for 90 days prior and 30 days subsequent to the occurrence; list of inspections made by the Defendant for 90 days prior and 30 days subsequent to the occurrence; identification and production of any and all photographs for the project for 90 days prior and 30 days subsequent to the occurrence; a proper identification of all applicable insurance – including umbrella/excess; and other information specifically listed in the Plaintiff's Counsel's April 23, 2021 Correspondence to the Defendant (again Plaintiff defers to the timeframes listed in the original discovery).

20. Plaintiff also requests this Honorable Court order the Defendant supplement its responses and document production in response to the following Requests for Production of Documents, per the Plaintiff's Counsel's April 23, 2021.

   a. # 3, #7, #10, #11, #12, #13, #14, #15, #16

21. Examples of the requested and relevant documentation would be: all Plan of the Days; Defendant's Corporate Safety Manual; Defendant's Site Specific Safety Plan; Job Hazard Analyses; Tool Box Talks; Progress Reports; Daily Logs; Sign in Sheets; Safety Meeting minutes/attendance forms/handouts/etc; Change Orders; Contract Documents (all requested in Plaintiff's Counsel's April 23, 2021 letter); Hazard Communications; Pre-Task Plans; Documentation Pertaining to onsite safety personnel; Weekly Reports of Hazard Recognitions; Drawings; Specifications; Standards; Road Agreements; all photographs of the subject jobsite

(including progress, aerial, drawings, etc); and other documents withheld by the Defendant. Plaintiff believes for documentation with a specific date range, a period of 90 days prior to the subject incident and 30 days subsequent is fair and sufficient, but Plaintiff will also defer to the originally requested timeframes for each interrogatory and request for production of documents, if this Honorable Court deems appropriate.

22. The requested information is highly relevant to the claims or defenses and could further lead to the discovery of relevant and admissible information.

23. As such, Defendant's compliance is required by applicable law.

WHEREFORE, Plaintiff, NICK GEORGEFF, by and through his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., pray this Honorable Court enter an order compelling the Defendant, DON BORNEKE CONSTRUCTION, INC., to fully answer written discovery as detailed in this Motion and Plaintiff's Counsel's April 23, 2021, letter, and for any other relief as this Honorable Court deems equitable and just.

                              Respectfully submitted by,

                              ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.

                              By: /S/ Charles A. Terry
                              Attorney for the Plaintiff, NICK GEORGEFF

Steven A. Berman
ARDC No.: 6224469
Charles A. Terry
ARDC No.: 6330705
ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.
161 N. Clark Street-21st Floor
Chicago, IL 60601
Tel: 312.372.3822
Email: sberman@anesilaw.com
       cterry@anesilaw.com