IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NICK GEORGEFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-50313 |
| ) | |
| DON BORNEKE CONSTRUCTION, INC., ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR LEAVE TO FILE AFFIRMATIVE DEFENSES

Defendant, DON BORNEKE CONSTRUCTION, INC. ("Borneke"), by and through its Attorneys, SWANSON, MARTIN & BELL, LLP, for its Motion for Leave to File Affirmative Defenses, pursuant to Federal Rule of Civil Procedure 15, states as follows:

1. This matter arises out of a slip and fall incident, which took place on November 15, 2018. (Doc. 10, p. 2).

2. Counsel for Borneke substituted into this matter as substitute counsel of record after the time the pleadings had closed. Therefore, present counsel did not have an opportunity to prepare the initial responsive pleadings in this matter.

3. Discovery is nearly complete and defendant seeks to conform the pleadings to the expected proofs in this matter at trial.

4. Therefore, Borneke seeks leave to file affirmative defenses of contributory negligence, lack of notice, open and obvious condition, conduct of third parties and natural accumulation defense. Attached as Exhibit A is the proposed affirmative defenses.

5. No additional discovery is needed for these affirmative defenses and permission to file these affirmative defenses will not delay these proceedings. Defendant does not seek to delay these proceedings as a result of these affirmative defenses.

6. Federal Rule of Civil Procedure 15 states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15. District courts have broad discretion to allow leave to amend and there is a presumption of liberality where the purpose of the amendment is to conform the pleadings to the proofs. *First Nat. Bank of Louisville v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*, 933 F.2d 466, 468 (7th Cir. 1991); *CiMoultrie v. Penn Aluminum Int'l, LLC,* No. 11-CV-500-DRH, 2012 WL 6084641, at *3 (S.D. Ill. Dec. 6, 2012).

7. As the issue in this case involves slipping on ice at a construction site during a snow event, contributory negligence is an affirmative defense that must be considered by the jury, as the plaintiff's potential contributory fault is routinely an issue in a slip-and-fall matter.

8. Moreover, as the formation of ice involves a potentially natural accumulation, and is arguably open and obvious during a snow event, this is also an issue which, in fairness, must be considered by the jury.

9. Plaintiff will not be prejudiced by these routine affirmative defenses arising from the plaintiff's allegations in this matter, as Borneke does not seek additional discovery or to delay these proceedings as a result of these affirmative defenses.

WHEREFORE, Defendant DON BORNEKE CONSTRUCTION, INC. seeks leave to file the attached affirmative defenses *instanter*, and for such other relief as the Court deems just.

          Respectfully submitted,

          **SWANSON, MARTIN & BELL, LLP**

By: /s/ Christian A. Sullivan
     One of the Attorneys for Don Borneke Construction, Inc.

David J. Cahill
Christian A. Sullivan
**SWANSON, MARTIN & BELL, LLP**
2525 Cabot Drive, Suite 204
Lisle, Illinois  60532
(630) 799-6900
Attorney No. 6278557
dcahill@smbtrials.com
csulliva@smsbtrials.com

3