IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

NICK GEORGEFF,                          )
                                        )
              Plaintiff,                )
                                        )
       v.                               )        Case No. 3:20-cv-50313
                                        )
DON BORNEKE CONSTRUCTION, INC., )
                                        )
              Defendant.                )

### DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant, Don Borneke Construction, Inc. ("Borneke"), by and through its attorneys,

Swanson, Martin & Bell, LLP, for its affirmative defenses, states as follows:

### I.       Contributory Negligence

1.      This incident arises from a slip and fall on ice on a windfarm construction project

known as Mendota Hills in Lee County, Illinois. (Am. Compl., ¶ 13).

2.      On or about November 15, 2018, Plaintiff slipped on ice that was allegedly

unnaturally accumulated while walking on the windfarm turbine erection area of site T-11. (Am.

Compl., ¶ 13).

3.      At the time and place of the incident, Plaintiff had a duty to exercise ordinary care

and caution for his own safety and well-being.

4.      In violation of the aforementioned duty, Plaintiff was negligent in one or more of

the following ways:

        a.     Failed to keep a proper look out while walking during a snow event at the

              site of T-11 on the Mendota Hills Windfarm site on or about November 15,

              2018;

        b.      Failed to utilize personal protective equipment, such as ice cleats, which were available for his use;

        c.      Failed to maintain proper control of his body and objects on his person;

        d.      Was otherwise careless and negligent.

5.      The injuries sustained by Plaintiff, if any, were proximately caused by the aforesaid negligent acts or omissions on the part of Plaintiff, Nick Georgeff.

6.      In the event that this Court renders judgment in favor of Plaintiff, Defendant is entitled to a reduction of damages pursuant to 735 ILCS 5/2-1116, based upon the percentage of fault attributable to Plaintiff, and if that percent of fault is determined to be more than fifty percent (50%), then Defendant is entitled to judgment in its favor.

## II.      Open and Obvious

1.      Plaintiff seeks damages for injuries allegedly caused by Defendant, Borneke Construction.

2.      At all relevant times, Plaintiff had a duty to exercise ordinary care, perception, intelligence and judgement to avoid open and obvious risks that a reasonable person would have taken in light of the open and obvious nature of the condition, said condition being ice and snow during a snow event.

3.      Notwithstanding Plaintiff's duty as aforesaid, at all times relevant hereto the Plaintiff was guilty of failing to take the necessary precautions that a reasonable person exercising ordinary perception and intelligence would have taken to avoid an open and obvious risk that could have been avoided without incident.

4.      Borneke is entitled to a reduction in any damages awarded to Plaintiff based on Plaintiff's failure to avoid open and obvious risk.

5.      Plaintiff is obligated to avoid open and obvious risk, and thus, these claims should be barred, or in the alternative, reduced if Plaintiff failed to avoid these open and obvious risks.

### III.      Third Party Conduct

1.      The Plaintiff's alleged injuries were proximately caused by third parties over whom Borneke has no control, namely Mortenson Construction.

2.      Therefore, Plaintiff cannot recover from Borneke, as alleged.

### IV.      Lack of Notice

1.      Despite the exercise of reasonable diligence, Borneke did not have actual or constructive notice of the alleged condition, which caused Plaintiff's injuries.

2.      Therefore, Plaintiff cannot establish that Borneke's conduct caused the hazardous condition alleged, or that Borneke had legally sufficient notice of the alleged condition such that liability can be established.

### V.      Natural Accumulation of Ice

1.      The allegations of liability against Borneke in this matter arise from the occurrence of a natural accumulation of ice.

2.      Plaintiff's injuries, occurred as a result of the natural accumulation of ice at the site T-11 of the Mendota hills Windfarm Project of the at the time and place at issue.

3.      Therefore, as a matter of law, Borneke had no duty to warn of such condition caused by the natural accumulation of ice and is not liable for any alleged injuries.

Wherefore, Defendant, Don Borneke Construction, Inc., prays for judgment in its favor and against Plaintiff, as Plaintiff's own negligence, or the negligence of third party, Mortenson Construction, was the sole proximate cause and/or greater than fifty percent (50%) of the proximate cause of his alleged injuries.  In the alternative, Defendant prays that this Court reduce

the jury's verdict, if any, by Plaintiff's proportionate share of negligence that proximately caused

his alleged injuries, plus costs and any further relief deemed just and equitable by the Court.

Respectfully submitted,

**SWANSON, MARTIN & BELL, LLP**

By:   /s/ Christian A. Sullivan
One of its Attorneys

Christian A. Sullivan
**SWANSON, MARTIN & BELL, LLP**
2525 Cabot Drive, Suite 204
Lisle, IL 60532
(630) 799-6970
Attorney No. 6278557
csulliva@smbtrials.com