IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

NICK GEORGEFF,                           )

                       )

          Plaintiff,             )

                       )

      v.                          )       Case No. 3:20-cv-50313

                       )

DON BORNEKE CONSTRUCTION, INC., )

                       )

          Defendant.         )

## DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, DON BORNEKE CONSTRUCTION, INC., by and through its counsel, SWANSON, MARTIN & BELL, LLP, for its Amended Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

## JURISDICTION AND VENUE

1.     This is a personal injury action involving an individual plaintiff and a corporate defendant.

     **Answer:**      **Defendant admits the allegations contained in paragraph 1.**

2.     The plaintiff is a citizen of the State of Illinois, residing in Plainfield, IL.

     **Answer:**      **Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 2 and therefore denies same.**

3.     The defendant is a citizen of the State of Minnesota with its principal place of business located in Eagle Lake, Minnesota.

     **Answer:**      **Defendant admits only that it is a Minnesota corporation and its office address is 41537 50th Street in Janesville, Minnesota and denies the remaining allegations contained in paragraph 3.**

4.      The jurisdiction of this Court is invoked pursuant to 28 USC 1332 as the matter in controversy exceeds $75,000.00 and is between citizens of different states.

**Answer:      Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 4 and therefore denies same.**

5.      The events and omissions giving rise to this claim occurred in Lee County, Illinois, thus pursuant to 28 U.S.C. 1391(b), this Court is the appropriate venue for this action.

**Answer:      Defendant admits only that this Court is the appropriate venue and denies any remaining allegations contained in paragraph 5.**

## COUNT I – DIRECT NEGLIGENCE

6.      On and before November 15, 2018, the plaintiff was employed by M.A. Mortenson Company and engaged in a construction project on a wind farm in or near the Village of Compton, Lee County, Illinois.

**Answer:      Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 6 and therefore denies same.**

7.      Prior to said date, M.A. Mortenson Company hired the defendant to grade, maintain, repair and remove snow and ice from the dirt roadways used by persons, vehicles, and equipment on the construction.

**Answer:      Defendant admits only that it entered into a subcontract agreement with M.A. Mortenson Company on December 29, 2017, subject to its terms and conditions and denies the remaining allegations contained in paragraph 7.**

2

8.      On and before said date defendant was in charge of and responsible for grading, maintaining, repairing, and removing snow and ice from the dirt roadways used by persons, vehicles and equipment on the construction site.

**Answer:      Defendant admits only to those duties and responsibilities provided in its subcontract agreement with M. A. Mortenson Company dated December 29, 2017 and denies the remaining allegations contained in paragraph 8.**

9.      On and before said date defendant operated vehicles and equipment on the dirt roadways.

**Answer:      Defendant admits that it operated various vehicles and equipment on the subject windfarm site at various times; defendant lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 9 and therefore denies same.**

10.     On said date, the plaintiff was walking on a dirt roadway on the construction site in the performance of his work.

**Answer:      Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 10 and therefore denies same.**

11.     At all relevant times, the defendant had a duty to exercise reasonable care in the grading, maintaining, repairing and removal of snow and ice from said dirt roadway.

**Answer:      Defendant admits only to those duties imposed by law or contract, denies any breach of those duties and denies the remaining allegations contained in paragraph 11.**

12.     Notwithstanding and in violation of said duty, defendant, through its agents, servants, and employees, was then and there guilty of the following careless and negligent acts and/or omissions:

a)      Failed to properly grade, maintain and repair the dirt roadway;

b)      Failed to remove or to properly remove snow and ice from the dirt roadway;

c)      Failed to make a reasonable inspection of the dirt roadway when the defendant knew or should have known the such inspection was necessary to prevent injury to persons using the dirt roadway;

d)      Failed to use ordinary care to see that the dirt roadway was reasonable safe for the use of those lawfully on the property;

e)      Caused tracks and ruts to form on the dirt roadway creating a danger to persons using the dirt roadway;

f)      Allowed tracks and ruts to remain on the dirt roadway creating a danger to persons using the dirt roadway;

g)      Caused unnatural accumulations of ice to form in tracks and ruts on the dirt roadway creating a danger to persons using the dirt roadway;

h)      Allowed unnatural accumulations of ice to remain in tracks and ruts on the dirt roadway creating a danger to persons using the dirt roadway;

i)      Was otherwise careless and negligent.

**Answer:**        **Defendant denies the allegations contained in paragraph 12, including subparagraphs (a) through (i).**

4

13.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, at said time and place plaintiff slipped and feel on an unnatural accumulations of ice, causing him to suffer severe bodily injury and to sustain damages of a personal and pecuniary nature, including but not limited to pain, suffering, disability, loss of a normal life, loss of earnings and loss of earning potential, expenses for medical care and services, and other damages, all of which are continuing an permanent in nature.

**Answer:**     **Defendant denies the allegations contained in paragraph 13.**

WHEREFORE, plaintiff respectfully requests judgment be entered in his favor and against the defendant in a dollar amount in excess of $75,000.00, plus costs of suit.

**Answer:**     **Defendant denies that Plaintiff is entitled to judgment or relief in any amount whatsoever and specifically denies the relief sought in the *ad damnum* to Count I.**

## COUNT II – PREMISES LIABILITY

14.     On and before November 15, 2018, the plaintiff was employed by M.A. Mortenson Company and engaged in a construction project on a wind farm in or near the Village of Compton, Lee County, Illinois.

**Answer:**     **Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 14 and therefore denies same.**

15.     Prior to said date, M.A. Mortenson Company hired the defendant to grade, maintain, repair and remove snow and ice from the dirt roadways used by persons, vehicles, and equipment on the construction site.

**Answer:** **Defendant admits only that it entered into a subcontract agreement with M.A. Mortenson Company on December 29, 2017 subject to its terms and conditions and denies the remaining allegations contained in paragraph 15.**

16. On and before said date defendant possessed, operated, managed, maintained, designed, inspected, planned and/or controlled the dirt roadways used by persons, vehicles, and equipment on the construction site.

**Answer:** **Defendant admits only to those duties and responsibilities provided in its subcontract agreement with M.A. Mortenson Company dated December 29, 2017, denies violating those duties and denies the remaining allegations contained in paragraph 16.**

17. On said date, the plaintiff was walking on a dirt roadway on the construction site in the performance of his work.

**Answer:** **Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 17 and therefore denies same.**

18. On said date the defendant, well knowing its duty in this regard, carelessly and negligently caused and permitted said dirt roadway to become and remain in a dangerous condition for persons walking on the dirt roadway, in that the dirt roadway was in a state of disrepair with tracks, ruts, and unnatural accumulations of ice present, although the defendant knew or in the exercise of ordinary and reasonable care should have known of the dangerous condition.

**Answer:** **Defendant denies the allegations contained in paragraph 18.**

19. At said time and place the defendant knew or could reasonably expect that persons on the property would not discover or realize the danger or would fail to protect against the danger in the performance of their work.

**Answer:** **Defendant denies the allegations contained in paragraph 19.**

20.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, at said time and place plaintiff slipped and fell on an unnatural accumulation of ice, causing him to suffer severe bodily injury and to sustain damages or a personal and pecuniary nature, including but not limited to pain, suffering, disability, loss of a normal life, loss of earnings and loss of earning potential, expenses for medical care and services, and other damages, all of which are continuing and permanent in nature.

**Answer:** **Defendant denies the allegations contained in paragraph 20.**

WHEREFORE, plaintiff respectfully request judgment be entered in his favor and against the defendant in a dollar amount in excess of $75,000.00, plus costs of suit.

**Answer:** **Defendant denies that Plaintiff is entitled to judgment or relief in any amount whatsoever and specifically denies the relief sought in the *ad damnum* to Count II.**

### DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant, Don Borneke Construction, Inc. ("Borneke"), by and through its attorneys, Swanson, Martin & Bell, LLP, for its affirmative defenses, states as follows:

### I.     Contributory Negligence

1.     This incident arises from a slip and fall on ice on a windfarm construction project known as Mendota Hills in Lee County, Illinois. (Am. Compl., ¶ 13).

2.     On or about November 15, 2018, Plaintiff slipped on ice that was allegedly unnaturally accumulated while walking on the windfarm turbine erection area of site T-11. (Am. Compl., ¶ 13).

3.      At the time and place of the incident, Plaintiff had a duty to exercise ordinary care and caution for his own safety and well-being.

4.      In violation of the aforementioned duty, Plaintiff was negligent in one or more of the following ways:

      a.      Failed to keep a proper look out while walking during a snow event at the site of T-11 on the Mendota Hills Windfarm site on or about November 15, 2018;

      b.      Failed to utilize personal protective equipment, such as ice cleats, which were available for his use;

      c.      Failed to maintain proper control of his body and objects on his person;

      d.      Was otherwise careless and negligent.

5.      The injuries sustained by Plaintiff, if any, were proximately caused by the aforesaid negligent acts or omissions on the part of Plaintiff, Nick Georgeff.

6.      In the event that this Court renders judgment in favor of Plaintiff, Defendant is entitled to a reduction of damages pursuant to 735 ILCS 5/2-1116, based upon the percentage of fault attributable to Plaintiff, and if that percent of fault is determined to be more than fifty percent (50%), then Defendant is entitled to judgment in its favor.

## II.      Open and Obvious

1.      Plaintiff seeks damages for injuries allegedly caused by Defendant, Borneke Construction.

2.      At all relevant times, Plaintiff had a duty to exercise ordinary care, perception, intelligence and judgement to avoid open and obvious risks that a reasonable person would have

taken in light of the open and obvious nature of the condition, said condition being ice and snow during a snow event.

3.      Notwithstanding Plaintiff's duty as aforesaid, at all times relevant hereto the Plaintiff was guilty of failing to take the necessary precautions that a reasonable person exercising ordinary perception and intelligence would have taken to avoid an open and obvious risk that could have been avoided without incident.

4.      Borneke is entitled to a reduction in any damages awarded to Plaintiff based on Plaintiff's failure to avoid open and obvious risk.

5.      Plaintiff is obligated to avoid open and obvious risk, and thus, these claims should be barred, or in the alternative, reduced if Plaintiff failed to avoid these open and obvious risks.

### III.      Third Party Conduct

1.      The Plaintiff's alleged injuries were proximately caused by third parties over whom Borneke has no control, namely Mortenson Construction.

2.      At the time and place of the incident, Borneke had no control over the allegedly defective premises.

3.      Therefore, Plaintiff cannot recover from Borneke, as alleged.

### IV.      Lack of Notice

1.      Despite the exercise of reasonable diligence, Borneke did not have actual or constructive notice of the alleged condition, which caused Plaintiff's injuries.

2.      Therefore, Plaintiff cannot establish that Borneke's conduct caused the hazardous condition alleged, or that Borneke had legally sufficient notice of the alleged condition such that liability can be established.

### V.     Natural Accumulation of Ice

1.      The allegations of liability against Borneke in this matter arise from the occurrence of a natural accumulation of ice.

2.      Plaintiff's injuries, occurred as a result of the natural accumulation of ice at the site T-11 of the Mendota hills Windfarm Project of the at the time and place at issue.

3.      Therefore, as a matter of law, Borneke had no duty to warn of such condition caused by the natural accumulation of ice and is not liable for any alleged injuries.

Wherefore, Defendant, Don Borneke Construction, Inc., prays for judgment in its favor and against Plaintiff, as Plaintiff's own negligence, or the negligence of third party, Mortenson Construction, was the sole proximate cause and/or greater than fifty percent (50%) of the proximate cause of his alleged injuries. In the alternative, Defendant prays that this Court reduce the jury's verdict, if any, by Plaintiff's proportionate share of negligence that proximately caused his alleged injuries, plus costs and any further relief deemed just and equitable by the Court.

Respectfully submitted,

**SWANSON, MARTIN & BELL, LLP**

By:     /s/ Christian A. Sullivan
        One of its Attorneys

Christian A. Sullivan
**SWANSON, MARTIN & BELL, LLP**
2525 Cabot Drive, Suite 204
Lisle, IL 60532
(630) 799-6970
Attorney No. 6278557
csulliva@smbtrials.com

10